# PRIORITY SEND
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  EDCV 13-01876-VAP (OPx)                    Date:  October 30, 2013

Title:      JPMORGAN CHASE BANK, NATIONAL ASSOCIATION -*v-* CONRADO
            DELGADILLO, CECILIA DELGADILLO; AND DOES 1 TO 20
            INCLUSIVE
================================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

        Marva Dillard                          None Present
        Courtroom Deputy                       Court Reporter

ATTORNEYS PRESENT FOR                  ATTORNEYS PRESENT FOR
PLAINTIFFS:                            DEFENDANTS:

        None                                   None

PROCEEDINGS:        MINUTE ORDER REMANDING CASE TO CALIFORNIA
                    SUPERIOR COURT, SAN BERNARDINO COUNTY (IN
                    CHAMBERS)

      On December 20, 2012, JPMorgan Chase Bank, National Association ("Chase
Bank") ("Plaintiff") filed a Complaint for Unlawful Detainer against Defendants
Conrado and Cecila Delgadillo ("Defendants").  (Ex. A to EDCV 13-01876-VAP Not.
of Removal.)  A Judgment was entered against Defendants on April 10, 2013.  (Ex.
A to EDCV 13-01876-VAP Not. of Removal.)  On October 15, 2013, Defendants filed
a Notice of Removal Action.  (("Not. of Removal") EDCV 13-01876-VAP.)
Defendants remove the action on the basis of diversity and federal question
jurisdiction, 28 U.S.C. §§ 1331, 1332.  (Not. of Removal ¶ 1.)  For the following
reasons, the Court REMANDS the action to the California Superior Court for the
County of San Bernardino.

MINUTES FORM 11                                Initials of Deputy Clerk ___md___
CIVIL -- GEN                    Page 1

EDCV 13-01876-VAP (OPx)
JPMORGAN CHASE BANK, NATIONAL ASSOCIATION v. CONRADO DELGADILLO, CECILIA DELGADILLO; AND DOES 1 TO 20 INCLUSIVE
MINUTE ORDER of October 30, 2013

     Removal jurisdiction is governed by statute.  See 28 U.S.C. § 1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

     Defendants allege the basis for removal is federal question and diversity jurisdiction, 28 U.S.C. §§ 1331, 1332.  From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint).  Without a federal question, there is no federal question jurisdiction

     In regard to diversity jurisdiction, Defendants did not allege there is diversity of citizenship, and instead only alleged that the amount in controversy exceeds $75,000.  (Not. of Removal ¶ 1.)  Accordingly, there is no basis for diversity or federal question jurisdiction, and the Court REMANDS this matter to the California Superior Court for the County of San Bernardino.

     **IT IS SO ORDERED.**

MINUTES FORM 11                                    Initials of Deputy Clerk ___md___
CIVIL -- GEN                        Page 2